**Arturo Sergio GONZALEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

No. 01–71056.
INS No. A70–818–262.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002.*

Decided Aug. 2, 2002.

Before WARDLAW, BERZON, Circuit Judges, and ISHII, District Judge.**

MEMORANDUM ***

Sergio Arturo Gonzalez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition.

Gonzalez argues that the INS inappropriately used his asylum application as evidence to deport him, thus violating his due process rights. Gonzalez failed to raise this claim either before the immigration judge ("IJ") or the BIA, and thereby failed to exhaust his administrative reme-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Anthony W. Ishii, United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dies. We therefore lack jurisdiction to review this claim. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997), *citing Vargas v. INS*, 831 F.2d 906, 907 (9th Cir.1987) ("[f]ailure to raise an issue below constitutes failure to exhaust administrative remedies and 'deprives this court of jurisdiction to hear the matter'"). It is of no consequence that a dissenting member of the BIA addressed this issue if the petitioner himself did not raise it. *See Singh–Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir.1999).

Gonzalez further contends that he is excused from the exhaustion of remedies requirement because the BIA cannot address constitutional issues, such as this due process claim. This claim, however, bears procedural, as well as constitutional, aspects. "A procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Gonzalez's due process claim was one with "exactly the sorts of procedural errors which require exhaustion." *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001) (challenges to procedural errors correctable by the BIA must be exhausted before the court will undertake review).

 Gonzalez also argues that his statutory rights were violated because the Order to Show Cause provided insufficient notice. This claim fails because the procedures required by the INA were properly followed. Gonzalez moved and left no forwarding address, which rendered the notice of immigration hearing "undeliverable." According to former INA § 242B(c)(1), written notice to the most recent address provided under INA § 242B(a)(1)(F) is sufficient for *in absentia* deportation purposes. *See also Farhoud*, 122 F.3d at 796 (sending notice of the hearing via certified mail to the most recent address provided to the INS fulfills the notice requirement). For similar reasons, Gonzalez's due process claim based on his failure to receive notice is without merit. The Immigration Court followed INA procedures by sending notice of the deportation hearing to Gonzalez's last known address. *See id.* at 796 ("alien does not have to actually receive notice of deportation hearing in order for requirements of due process to be satisfied"); *Garcia v. INS*, 222 F.3d 1208 (9th Cir. 2000) (due process "is satisfied if notice of a deportation hearing is served in a manner reasonably calculated to ensure that it reaches the alien").

Finally, Gonzalez argues that the Order to Show Cause did not comply with the statutory requirements of § 242B(a)(1)(F) because it did not state the consequences of failing to provide a current contact address to the Attorney General. We will not, however, address this argument—whether phrased as a statutory or due process violation—because Gonzalez did not raise it below. *Rashtabadi*, 23 F.3d at 1567; *Sanchez–Cruz*, 255 F.3d at 780.

PETITION DENIED.