**Dunia Marwan Fuad ABDUL–HADI, Petitioner,**

v.

**John ASHCROFT, Attorney General;[*] Immigration and Naturalization Service, Respondents.**

No. 00–70740.
INS No. A71–639–565.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.[**]

Decided Nov. 27, 2002.

---

[*] John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRIGHT,\*\*\* GOODWIN and TASHIMA, Circuit Judges.

MEMORANDUM \*\*\*\*

Petitioner Dunia Marwan Fuad Abdul Hadi, a native of Palestine and citizen of Israel, petitions for review of a decision of the Board of Immigration Appeals, dismissing her appeal of the Immigration Judge's denial of her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[1] We deny the petition.

Petitioner received adequate notice of her deportation hearing.[2] The notice was sent to her last known address, and she has submitted no evidence to establish that delivery was improper or that her failure to receive the notice was due to anything other than her failure to provide a correct address to the INS. *See Urbina–Osejo v. INS*, 124 F.3d 1314, 1317 (9th Cir.1997) (stating that " '[N]otice of a deportation hearing sent by regular mail to the last address provided by the alien to the INS satisfies the requirements of constitutional due process,' " and *requiring the petitioner to present substantial and probative evidence that delivery was improper or that nondelivery was not due to the failure to provide a correct address to the INS*) (quoting *Farhoud v. INS*, 114 F.3d 867, 869 (9th Cir.1997), *amended by* 122 F.3d 794 (9th Cir.1997)). Petitioner's claim that the immigration court was required to send the notice by certified mail rather than regular mail fails because she concedes that the provision requiring notice by certified mail does not apply to her case. *See Lahmidi v. INS*, 149 F.3d 1011, 1013–16 (9th Cir.1998) (holding that the provision requiring notice by certified mail did not apply to cases such as Petitioner's, in which the Order to Show Cause was issued prior to the statute's effective date). Finally, we do not have jurisdiction to address Petitioner's claim that she did not know of the requirement to inform the INS of her correct address because she failed to raise this claim below.[3] *See Farhoud*, 122 F.3d at 796 (stating that a petitioner's "[f]ailure to raise an issue below constitutes failure to exhaust administra-

---

\*\*\* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Deportation proceedings were commenced against Petitioner prior to April 1, 1997, and the final order of deportation was entered after October 30, 1996; therefore, the transitional rules of IIRIRA apply to this case. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000).

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

3. Moreover, unlike the petitioner in *Urbina–Osejo*, she has submitted no evidence that she did not know of the requirement to inform the INS of her correct address. *See Urbina–Osejo*, 124 F.3d at 1316–17 (considering the petitioner's declaration that she was a minor and did not know of the need to inform the INS of her address). Petitioner therefore has failed to establish reasonable cause for her failure to appear at the hearing. *See id.* at 1316 (stating that "an IJ could hold a deportation hearing in absentia if the alien had been given a reasonable opportunity to be present and 'without reasonable cause fail[ed] or refuse[d]

tive remedies and 'deprives this court of jurisdiction to hear the matter'") (quoting *Vargas v. United States Dep't of Immigration & Naturalization*, 831 F.2d 906, 907 (9th Cir.1987)). The petition for review is

**DENIED.**

---

to attend' the proceedings") (quoting 8 U.S.C. § 1252(b) (1990)) (alterations in original).

