**Stuart Shane SMITH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71637. INS No. A29–274–921.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided March 3, 2003.

Before CANBY, GOULD, and BERZON, Circuit Judges.

MEMORANDUM *

Stuart Shane Smith appeals an order by the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ)

denial of his motion to reopen deportation proceedings conducted *in absentia.*

Smith contends that his motion to reopen should have been granted because he never received the notice informing him of his October 2, 1990, deportation hearing. We review for abuse of discretion the denial of a motion to reopen. *See Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996).

A deportation hearing can be held *in absentia* if the alien is first given an opportunity to be present and without reasonable cause fails or refuses to attend the proceeding. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b) (1990).[1] A motion to reopen an *in absentia* deportation proceeding shall be granted if the alien demonstrates reasonable cause for his absence from the hearing. *See Urbina–Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir.1997). We review *de novo* the BIA's interpretation of "reasonable cause." *Urbina–Osejo,* 124 F.3d at 1316.

The INS was required to inform Smith that he must advise the INS of any change of address. *See Lahmidi v. INS,* 149 F.3d 1011, 1017 (9th Cir.1998) (citing *Urbina–Osejo,* 124 F.3d at 1317).[2] There is no evidence in the record that Smith was ever informed of the change-of-address requirement. Because Smith was not informed of this requirement, if Smith did not reside at the address to which notice was sent, then he had reasonable cause for his failure to appear. *Id.* If, however, notice was mailed to the address where Smith resided at the time, and Smith simply did not receive it,

---

1. INA § 242(b) was replaced by INA § 242B, 8 U.S.C. § 1252b in 1990, which was subsequently repealed by IIRIRA in 1996. *See Lahmidi v. INS,* 149 F.3d 1011, 1013–17 (9th Cir.1998). Section 242(b) applies in this

case, however, because Smith's deportation order was commenced by an Order to Show Cause that was issued before June 13, 1992. *See id.*

2. At the time of the proceedings, Smith was required to report a change of address to the Attorney General pursuant to 8 U.S.C. § 1305(a) (1990).

Smith's failure to receive notice does not amount to reasonable cause for his failure to appear. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

We cannot determine from the administrative record whether the INS sent Smith's notice to the proper address. The record shows a Record of Deportable Alien dated February 12, 1990. The Record of Deportable Alien shows Smith's address as 2780 San Marino Blvd., Los Angeles. Smith's Order to Show Cause ("OSC"), dated February 13, 1990, does not list an address for Smith. On April 30, 1990, the Deportation Branch in Los Angeles sent a document labeled "Hearing to be Set" to the Executive Office for Immigration Review. The document indicates that Smith's OSC was attached. The document refers to the file number appearing on Smith's OSC, but lists Smith's name as Lawrence Joseph Smith and his address as 636 N. Heliotrope Dr. # 13, Los Angeles. That is the address to which the notice of the date of hearing was sent. There is nothing in the record to suggest the origin of that address.

These facts raise the question whether the INS sent Smith's notice of hearing to the proper address. Because the record provides no answers to that question, we grant the petition for review, vacate the BIA's decision and remand to the BIA for further proceedings to determine whether notice was sent to Smith's proper address of record.

Smith alternatively urges that the BIA should have considered his motion as a separate one to reopen for adjustment of status; he presented an approved visa petition. The BIA rejected this argument because, so considered, the motion was untimely. *See* 8 C.F.R. § 3.23(b)(1). On this issue, the BIA was correct.

**PETITION FOR REVIEW GRANTED; VACATED and REMANDED.**

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.