**Zeferino ISLAS–LUNA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70548.

INS No. A91–747–711.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 11, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Before T.G. NELSON, SILVERMAN and MCKEOWN, Circuit Judges.

MEMORANDUM**

Zeferino Islas–Luna ("Islas"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal following denial of his motion to re-open deportation proceedings. We have jurisdiction, 8

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1105a(a)(2),[1] review for abuse of discretion, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996), and deny the petition. Because the parties are familiar with the facts, we only discuss those relevant to our analysis.

■ Islas's motion was untimely filed. Islas argues that ineffective assistance of counsel equitably tolls the 90 day time period prescribed by 8 C.F.R. § 3.2(c)(2). Depending upon the circumstances, ineffective assistance of counsel may supply grounds for equitable tolling. *See Castillo–Perez v. INS,* 212 F.3d 518, 525–26 (9th Cir.2000). However, Islas's ineffective assistance of counsel claim fails because he did not establish prejudice, a necessary element. *See Dearinger v. Reno,* 232 F.3d 1042, 1045 (9th Cir.2000). Islas was properly placed into exclusion proceedings because an alien without a valid visa, passport, or other valid document authorizing entry at the time when application for admission to the United States is made is excludable. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Accordingly, the failure of Islas's lawyer to file a brief with BIA challenging Islas's exclusion did not result in any prejudice because Islas was properly placed into exclusion proceedings.

■ Islas's myriad due process claims also fail for lack of prejudice. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). Islas's contention that his due process rights were violated because he never received notice that his Special Agricultural Worker ("SAW") application had been denied is unavailing because due pro-

cess does not require that an alien "actually receive notice" of a scheduled event or decision. *Farhoud v. INS,* 114 F.3d 867, 869 (9th Cir.1997). Instead, due process "is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien." *Id.*

Here, Islas says in his declaration that he informed the INS of his new address when he moved, but that the notice was mailed to an old address. Islas has offered no substantiating documentary evidence that he provided a change of address. He has not refuted the presumption that the Administrative Appeals Unit mailed Islas's notice to his last known address.

■ Furthermore, Islas was not prejudiced by the wording of the notice denying his SAW application (which he says he did not receive). The denial of Islas's SAW application terminated his legal status in the United States. The INS had no duty to warn him that if he left, he would not be allowed to return without a visa or some other permission.

■ Islas's argument that the INS should have given him notice when he reentered the United States under parole that he might forfeit "his right to apply for certain forms of relief in deportation proceedings that are not available in exclusion proceedings" is similarly unpersuasive. Again, no prejudice is shown. Islas has not shown that he would have been eligible for suspension of deportation even if he had been placed in deportation proceedings as opposed to exclusion proceedings.

---

1. The Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009 (1996) ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

Upon placing aliens into exclusion proceedings, the INS has no duty to explain how such proceedings contrast with other immigration proceedings.

Finally, we lack jurisdiction to consider whether or not BIA abused its discretion in declining to exercise its discretionary sua sponte powers under 8 C.F.R. § 3.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

PETITION DENIED