**Minnie Alcover TUADLES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70304.

INS No. A72–517–161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Dec. 4, 2003.

Reyna M. Tanner, The Law Offices of Manulkin, Glaser and Bennett, Fountain Valley, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret J. Perry, Jennifer L. Lightbody, Norah Ascoli Schwarz, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

## MEMORANDUM *

Minnie Alcover Tuadles ("Tuadles"), a citizen of the Philippines, petitions for review of the Board of Immigration Appeal's ("BIA") denial of her motion to reopen. Tuadles asserts the BIA erred because she demonstrated "exceptional circumstances" excusing her failure to depart, and because the BIA's denial of her motion to reopen violated her constitutional rights.

This court reviews denials of motions to reopen for an abuse of discretion. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir.2002). When the BIA reviews the Immigration Judge's decision de novo, our review is limited to the BIA's decision. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). The BIA's factual findings are reviewed under the substantial evidence standard, and questions of law are reviewed de novo. *Kamalthas v. INS*, 251 F.3d 1279, 1281–82 (9th Cir.2001). The BIA's ruling should not be disturbed unless it acted arbitrarily, irrationally, or contrary to law. *Celis–Castellano*, 298 F.3d at 891.

## I. "Exceptional Circumstances" Claim

■ The BIA denied Tuadles's motion to reopen on the ground that under INA § 242(e)(2)(A), Tuadles's failure to comply with her voluntary departure order barred her from adjustment of status consideration for five years from the date she should have departed. Tuadles contends that § 242(e)(2)(A)'s bar to eligibility should not apply because her failure to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

comply with the voluntary departure order was due to "exceptional circumstances." *See* INA § 242B(e)(2)(A), 8 U.S.C. § 1252b(e)(2)(A) (repealed).

We do not have jurisdiction over this claim because Tuadles has failed to exhaust her administrative remedies with respect to this issue. Under INA § 106(c), 8 U.S.C. § 1105a, the statute providing for judicial review of this case, "[a] petitioner must exhaust his administrative remedies before seeking judicial review" and the "[f]ailure to raise an issue below constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter." *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) (quoting *Rashtabadi v. Immigration and Naturalization*, 23 F.3d 1562, 1567 (9th Cir.1994)). Tuadles concedes that she did not raise her "exceptional circumstances" argument before the BIA in her motion to reopen. Tuadles first raised the argument with the BIA in a motion for reconsideration filed the same day as this appeal. As of the date of this order, we have not been advised that the BIA has ruled on Tuadles's motion. Accordingly, this court lacks jurisdiction over Tuadles's "exceptional circumstances" claim. *Compare Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (where petitioners simultaneously filed petition for review of denial of reopening with court and motion to reconsider with BIA, and BIA subsequently denied motion to reconsider, court found that petitioners had exhausted administrative remedies, making review of all issues by court appropriate).

## II. The BIA's Denial of Tuadles's Motion to Reopen

■ Tuadles challenges the BIA's decision to deny her motion to reopen on due process grounds. Unlike her "exceptional circumstances" claim, Tuadles was not required to exhaust her administrative remedies. *Farhoud v. INS*, 122 F.3d 794, 796

(9th Cir.1997) ("There are exceptions to the exhaustion requirement.... [T]he exhaustion requirement will not apply where, as here, there is a constitutional challenge to the Immigration and Naturalization Act or procedures of the Immigration and Naturalization Service."). Therefore, this court has jurisdiction to hear her due process claim under INA § 106(a), 8 U.S.C. § 1105a(a), as modified by the transitional rules for judicial review in IIRIRA § 309(c)(4), even if the claim was not raised below.

■ The due process clause protects aliens in deportation proceedings and includes the right to a full and fair hearing. *Farhoud*, 122 F.3d at 796. To establish a violation of due process warranting reopening, the alien must also show that he or she was prejudiced by the denial of this right. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994). Tuadles argues that the BIA violated her due process rights when it denied her motion to reopen because it unreasonably delayed in deciding her motion until after her scheduled departure date, and refused to extend her departure date accordingly.

Respondent asserts that Tuadles's claim is barred by *Shaar v. INS*, 141 F.3d 953 (9th Cir.1998). In *Shaar*, the petitioners filed a motion to reopen only days before their voluntary departure date, and the BIA did not hear the motion until after their date of departure. *Id.* at 957. Because the petitioners failed to leave by their date of departure, the BIA denied the petitioner's motion. The petitioners appealed, asserting that the BIA's failure to hear their case prior to their date of departure violated their due process rights. A divided panel rejected this argument, because the petitioners had delayed filing their motion to reopen until only days before they were to depart, and did

not seek an extension of their departure date. *Id.* at 957–59.

Unlike the petitioners in *Shaar*, Tuadles did not unreasonably dawdle in seeking a visa and filing the motion to reopen, as she sought both less than a month after her marriage occurred and months before her scheduled departure date. She also has particularly compelling substantive grounds for her claim of relief from deportation, namely, that she is married to a U.S. citizen and has a U.S. citizen daughter. Moreover, Tuadles has since received a visa based on her marriage.

Indeed, Tuadles found herself in an impossible situation. She filed her visa application and motion to reopen several months before she was scheduled to depart. The IJ denied her motion to reopen because the visa had not yet been approved by the INS. Before the BIA heard the appeal of this decision, the visa was approved; however, the BIA upheld the IJ's decision on the ground that she remained in the country after her departure date. Thus, even though she timely moved to reopen and sought an extension of her departure date, she was deprived of a meaningful hearing on her motion to reopen through no fault of her own. *See Shaar*, 141 F.3d at 958–59.

For these reasons, Tuadles established a due process violation warranting the granting of her petition for review.[1] Accordingly, the case is remanded to the BIA on due process grounds with directions to reopen her case.

**REMANDED.**

---

[1]. As the court finds a due process violation, it need not address Tuadles's other constitutional claims.

