**Mohammed Moussa OMAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70042.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 9, 2004.

Bernadette Connolly, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Washington, DC, for Respondent.

Before: MAGILL,** TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Petitioner Mohammed Moussa Omar ("Omar") appeals the Board of Immigra-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

tion Appeals' ("BIA's") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We affirm the BIA's order of removal.

Because the facts are known to the parties we do not repeat them here.

We review the BIA's findings for support by substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's findings of fact are conclusive unless the evidence would compel any reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA affirms the IJ's decision in summary fashion, we review the IJ's ruling directly. *He v. Ashcroft*, 328 F.3d 593, 595–96 (9th Cir.2003).

The IJ denied Omar's application solely on the basis of an adverse credibility finding. Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). The reasons the IJ sets forth for discrediting the applicant's testimony must be substantial and bear a legitimate nexus to the determination that the applicant did not meet his burden of establishing eligibility for asylum. *Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003); *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

Omar has given three statements regarding the alleged attack on his family that forms the basis of his fear of persecution: an asylum interview, a declaration attached to his asylum application, and testimony at his removal hearing. The asylum officer's report of Omar's asylum interview describes the attack as follows:

"During the first week of February, 1991, some unknown men attacked [Omar's] home and shot and killed his father and then raped his sister. Applicant was not harmed." Admin. R. ("AR") at 445. In the declaration accompanying his asylum application, Omar recounted a different version of the events, one in which he personally suffered injuries.

> [The attackers] started beating us like animal and without mercy. I was on the floor bleeding everywhere. At one time, one [man] grabbed my older sister and took her into another room, so my father tried to stop him but another [man] shot him at close range and he died in a second. Then I try to run toward my father but other [man] hit me with the back of his gun and he kick my leg with his boots.

AR at 479–80. Before the removal hearing, Omar hand-wrote additional facts on the declaration, including that his attackers had slashed his inner right thigh. *Id.* He elaborated on this addition at the removal hearing. There he claimed that one attacker threatened to unman him and slashed at his exposed genitals with a bayonet. The blow missed, but left a long, shallow gash on his upper right thigh. AR at 142–46. The IJ found Omar's testimony regarding the whole attack incredible based in part on these important discrepancies.

■ Inconsistencies in testimony in an asylum application may provide a cogent reason for an adverse credibility finding provided the inconsistencies are "substantial." *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001); *Cf. Manimbao*, 329 F.3d at 660 (stating that minor inconsistencies unrelated to the applicant's fear of persecution will not support an adverse credibility determination). The discrepan-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cies at issue here involve the "heart of the asylum claim" and support the IJ's adverse credibility judgment. *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990). Omar has presented no other evidence of past persecution.

The IJ's decision not to credit Omar's explanation of his omission is also supported by substantial evidence. When prodded to explain why he mentioned his most serious wound to his attorney only a few days before he was to testify, Omar responded in an evasive and confused fashion. First he claimed that he did not think his wounding was important enough to mention. Then he changed his story and claimed to be ashamed at the sexual nature of the injury. Despite his claimed inhibition, Omar spontaneously and repeatedly began disrobing in open court so that he might reveal his scar. Both the inconsistency and his immodest behavior put the lie to his explanation. The IJ did not err in discounting Omar's explanation of his earlier omission.

The fluidity of Omar's narrative, taken alone, provides ample support for the IJ's decision to disbelieve Omar's testimony that he and his family were attacked. Where it is sufficiently important to the asylum application, even a single discrepancy can undermine an applicant's credibility. *Chebchoub*, 257 F.3d at 1043 (stating that one inconsistency can be sufficient to support an adverse credibility determination). In any event, Omar's discrepant testimony contains two inconsistencies. For he first claimed to have suffered no harm, later added that he was hit in the face by a rifle, and finally testified that he was nearly castrated. When an applicant's story accretes new favorable details at each telling, an IJ would be remiss in believing the testimony absent a very satisfying explanation. *Cf. Vongsakdy v. INS*, 171 F.3d 1203, 1206 (9th Cir.1999)

(reversing a BIA order denying asylum based on a single discrepancy regarding the applicant's injury where the applicant explained the difference and the IJ found the explanation credible); *Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998) (reversing a BIA adverse credibility determination based on a single discrepancy related to the applicant's injury where the applicant's later story *reduced* his likelihood of gaining asylum, he explained the inconsistency, and neither the BIA nor the IJ disbelieved his explanation). As noted above, Omar did not provide a satisfactory explanation. Accordingly, we cannot disturb the IJ's decision.

Moreover, Omar did not provide evidence to corroborate the critical parts of his story. We have held that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Though Omar did present a letter which purported to be from his mother, that letter did nothing to support the crucial parts of his story. Omar sent word to his mother in August of 1999 that he needed corroboration for his story. He requested a response detailing her memory of the attack and a copy of her refugee camp ration card. The response from Omar's mother merely identified him as her son and stated that his family remained in a Kenyan refugee camp. It did not even attempt to support the crucial parts of Omar's story. Omar could not explain this omission, and the IJ properly discounted the value of the letter as corroboration.

The standard of proof necessary to show eligibility for withholding of removal is higher than the standard for showing eligi-

bility for asylum. Consequently, "'failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.'" *Halaim v. INS,* 358 F.3d 1128, 1132 (9th Cir.2004) (quoting *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000)).

Because he did not establish past persecution, to obtain relief under the Convention Against Torture, Omar needed to show that "it is more likely than not that he ... would be tortured if removed to [Somalia]." 8 C.F.R. § 208.16(c)(2). The only evidence he presented on this point was the same testimony the IJ found lacking in credibility, a determination that we hold is supported by substantial evidence of record. Accordingly, we affirm the IJ's denial of relief under the Convention. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

■ Omar also argues that the BIA erred in choosing summary disposition for his case because the IJ's decision contained an outright contradiction. The alleged contradiction is this: The IJ held that Omar did not qualify for voluntary departure because he had not been in the United States for more than a year, and also held that Omar had not shown that he had filed his asylum application within one year of arriving in the United States. The contradiction is apparent only. The IJ held that Omar had carried his burden of showing neither that he had arrived less than a year before his application nor that he had resided in this country for more than a year. The IJ was correct. Omar testified that he entered through New York on May 31, 1999, but an INS officer testified that records show no one using Omar's assumed name had entered during that entire month. Omar presented no other evidence related to the date of his entry. Contrary to Omar's allegation, then, the IJ did not hold that Omar both was and was not in this country for longer than a year. He held that Omar had not established the length of his stay. Accordingly, the purported contradiction did not exist, and could not require plenary BIA review of the IJ decision.

Finally, Omar argues that the IJ erred by refusing to allow him to show his scar in open court and in displaying bias against Omar. However, because he did not raise these claims before the BIA, he has failed to exhaust his administrative remedies, thus depriving this court of jurisdiction over the claim. *Farhound v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

Accordingly, the record does not compel a contrary result as to the IJ's negative credibility finding.

PETITION DISMISSED IN PART AND DENIED IN PART.