**Youssef Adib FARHOUD, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 96–70337.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 1997.[*]

Decided May 30, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Jesse A. Moorman, Los Angeles, CA, for petitioner.

Norah Ascoli Schwarz, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.

## OVERVIEW

T.G. NELSON, Circuit Judge.

Petitioner seeks review of: (1) dismissal by the Board of Immigration Appeals ("Board") of his appeal from an *in absentia* deportation order on the ground that he did not receive notice of his deportation hearing; and (2) the denial of his motion to reopen by the Immigration Judge on the ground that he presented "exceptional circumstances" that excused his failure to appear. We have jurisdiction under 8 U.S.C. § 1105a(a).

Petitioner raises for the first time a due process objection as to notice and opportunity to appear at the deportation hearing.

For the reasons stated below, we deny the petition.

## NOTICE OF THE DEPORTATION HEARING

■ Notice of hearing required by 8 U.S.C. § 1252b(a)(2) was mailed to petitioner at his address of record by the Office of the Immigration Judge on December 30, 1994. Petitioner conceded that he was living at that address on that date. This is sufficient notice under 8 U.S.C. § 1252b(c)(1), which provides that notice of a deportation hearing is sufficient "if provided at the most recent address provided [to the INS by the alien as required by] subsection (a)(1)(F) of this section."

## EXCEPTIONAL CIRCUMSTANCES

Petitioner is a Lebanese refugee who was involved in the anti-Syrian movement in Lebanon. Members of petitioner's family were killed by the Syrian military, and petitioner himself has received death threats. Petitioner was imprisoned and tortured by the Syrian military and fled to the United States upon his release.

■ The sole issue in a motion to reopen is whether an alien can demonstrate exceptional circumstances that excuse his failure to appear at the deportation hearing. *Matter of Ruiz,* Interim Dec. 3116 (BIA 1989). While we have sympathy for petitioner's personal circumstances, they are not relevant to the issue before this court—his failure to appear. Petitioner's only claim of exceptional circumstances was that he did not actually and personally receive the notice of hearing. However, as noted above, it was mailed to his last known address and receipt was acknowledged by someone at that address. Thus,

petitioner did not demonstrate exceptional circumstances, and it was not an abuse of discretion for the Immigration Judge to deny his motion to reopen.

## DUE PROCESS

A petitioner must exhaust his administrative remedies before seeking judicial review. 8 U.S.C. § 1105a(c); *Liu v. Waters,* 55 F.3d 421, 425–26 (9th Cir.1995). Failure to raise an issue below constitutes failure to exhaust administrative remedies and "deprives this .court of jurisdiction to hear the matter." *Vargas v. United States Dep't of Immigration and Naturalization,* 831 F.2d 906, 907 (9th Cir.1987).

There are exceptions to the exhaustion requirement. Relevant to this case is the rule that the exhaustion requirement will not apply where, as here, there is a constitutional challenge to the Immigration and Naturalization Act or procedures of the Immigration and Naturalization Service. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

The Due Process Clause protects aliens in deportation proceedings and includes the right to a full and fair hearing as well as notice of that hearing. U.S. Const. amend. V; *Landon v. Plasencia,* 459 U.S. 21, 32–33, 103 S.Ct. 321, 328–29, 74 L.Ed.2d 21 (1982). The United States Supreme Court has made it clear that "notice must be such as is reasonably calculated to reach interested parties." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950).

An alien does not have to actually receive notice of a deportation hearing in order for the requirements of due process to be satisfied. Rather, due process is satisfied if service is conducted in a manner "reasonably calculated" to ensure that notice reaches the alien. We agree with the Fifth Circuit that notice of a deportation hearing sent by regular mail to the last address provided by the alien to the INS satisfies the requirements of constitutional due process under *Mullane. See United States v. Estrada–Trochez,* 66 F.3d 733, 736 & 736 n. 1 (5th Cir.1995).

Pursuant to 8 U.S.C. § 1252b(a)(1)(F), petitioner was required to provide the Attorney General with his current address. Petitioner complied, and the Office of the Immigration Judge mailed notice of petitioner's deportation hearing to the address given in compliance with § 1252b(a)(1)(F). The method of service was reasonably calculated to ensure that notice reached the petitioner. Therefore, petitioner's due process claim is denied.

## OTHER ISSUES

All other issues raised in petitioner's opening brief were not raised before the proper administrative body. Because petitioner has failed to exhaust his administrative remedies, we need not address the remaining issues raised on appeal.

PETITION DENIED.

Respondent's motion to augment the record is GRANTED.