**Ahmad Hussein SERHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70411.

INS No. A26–494–846.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Ahmad Hussein Serhan, a native and citizen of Lebanon, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order finding him statutorily ineligible for suspension of deportation, sum-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

marily dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation, and dismissing his appeal from the IJ's decision regarding the order of rescission. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), this court has jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

Serhan's contentions challenging his statutory eligibility for suspension of deportation are foreclosed by our decision in *Ram v. INS*, 243 F.3d 510, 518–19 (9th Cir.2001). We do not consider Serhan's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

Because Serhan's petition to this court did not address the propriety of the BIA's summary dismissal of Serhan's appeal from the IJ's denial of his application for asylum and withholding of deportation, he waived his right to challenge the summary dismissal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

We conclude that the BIA properly dismissed Serhan's appeal of the IJ's decision that the IJ lacked jurisdiction to review the order of rescission. *See* 8 C.F.R. §§ 103.5a(a)(2), 246.1; *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

We deny Serhan's request for a remand to the BIA to pursue a claim under the United Nations Convention Against Torture. This denial is not on the merits and does not preclude Serhan from pursuing this claim in a motion to reopen before the BIA.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.