Bhupendra C. PATEL, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 00–71363.

INS No. A74–152–026.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002*

Decided June 12, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Bhupendra C. Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen his deportation proceedings. We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1105a(a).[1] We review constitutional challenges de novo, *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996), and we deny the petition.

Notice of the hearing was delivered to Patel at his last known address via certified mail and service was accepted at that address. After Patel failed to appear at his deportation hearing, the IJ ordered him deported in absentia. Patel contends on appeal that he was denied due process because he did not receive notice of the hearing and was denied equal protection because the service provisions of 8 U.S.C. § 1252b are less rigorous than those of the Federal Rules of Civil Procedure.

Patel's due process challenge fails because he received constitutionally sufficient written notice of the date of the deportation hearing and the consequences of failing to appear. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

Patel's equal protection claim fails because parties to litigation in federal court and parties to administrative immigration proceedings are not similarly situated. *See Miller v. Albright*, 523 U.S. 420, 433–45, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998) (rejecting equal protection claim because the challenged classes were not "similarly situated").

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because deportation proceedings were initiated against Patel

on March 5, 1995, and a final order of deportation was issued on June 20, 2000, the transitional rules apply to his case.

