**Olga Marina GAMES–ANDINO,
aka Marina Games–Andino,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 02–71795.

INS No. A74–824–639.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided May 27, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Olga Marina Games–Andino ("Petitioner"), a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ's") order denying her motion to reopen deportation proceedings. The BIA concluded that Petitioner was ineligible for reopening under INA § 242B because she had not demonstrated exceptional circumstances under *Shaar v. INS,* 141 F.3d 953 (9th Cir.1998), to excuse her failure to depart the United States within the time specified in her voluntary departure order. We have jurisdiction under 8 U.S.C. § 1105a, as amended by IIRIRA § 309(c)(4). *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000). We deny the petition.

■ Petitioner first argues that she was misled by fraudulent immigration counsel when she sought the advice of a non-lawyer who filed an unauthorized asylum application that contained false information about her and her children. She argues that if she "had not been put into proceedings by a fraudulent asylum application filed under false pretenses by a non-lawyer, she would have remained unnoticed and continued to build her equities." Petitioner did not raise this issue before the IJ and BIA. Therefore, she did not exhaust her remedies as to this issue and we have no jurisdiction to consider it. *Farhoud v.*

*INS,* 122 F.3d 794, 796 (9th Cir.1997); 8 U.S.C. § 1252(d)(1).

■ Petitioner next argues that, because she established eligibility for adjustment of status based on her December 1997 marriage to a U.S. citizen who would file an immediate relative visa petition on her behalf, the BIA erred by dismissing her appeal. The BIA correctly determined that Petitioner was ineligible for adjustment of status under § 242B because she failed to voluntarily depart during the departure period. INA § 242B(e)(2), 8 U.S.C. § 1252b(e)(2) (1995), precludes adjustment of status for an alien who fails to voluntarily depart by the departure deadline, absent a showing of exceptional circumstances. Exceptional circumstances are not established either by the filing of a motion to reopen during the pendency of a period of voluntary departure in order to apply for suspension of deportation or by the IJ's failure to adjudicate the motion before the end of the departure period. *In re Shaar,* 21 I & N Dec 541, 544 (BIA 1996), *aff'd, Shaar v. INS,* 141 F.3d 953 (9th Cir.1998).[1] The filing of Petitioner's application for adjustment of status before the expiration of her period for voluntary departure did not toll the departure period. *See Shaar,* 141 F.3d at 958 (distinguishing motions to reopen from direct review for tolling purposes and stating "the regulations do not provide for a stay or tolling upon the filing of a petition to reopen").

Petitioner's voluntary departure period had expired by the time she filed her appeal of the denial of the motion to re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Petitioner's attempt to distinguish *Shaar* on the basis that it involved suspension of deportation while her case involves adjustment of

status is unavailable. *See Matter of Velarde,* 23 I & N Dec. 253, 256 (BIA 2002) (indicating that *Shaar* applies to adjustment of status); 8 U.S.C. § 1252b(e)(5) (identifying both adjustment of status and suspension of deportation as relief barred by a failure to voluntarily depart).

open. Under § 242B and *Shaar*, Petitioner was barred from adjustment of status.

Based on the foregoing, the petition for review is

DENIED.