**Pablo Mendoza CAZARES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 02–73767.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided Feb. 25, 2004.

Charles E. Nichol, Esq., Law Office Of Charles E. Nichol, San Francisco, CA, for petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq., Blair T. O'Connor, Esq., Leslie McKay, DOJ–U.S. Department of Justice, Washington, DC, for respondent–appellee.

Before: RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Pablo Mendoza–Cazares, a native and citizen of Mexico, petitions for review of the decision by the Board of Immigration Appeals that orders him excludable and deported. We deny review.

Mendoza–Cazares was excludable because his application for temporary lawful residence as a special agricultural worker (SAW) under 8 U.S.C. § 1160 had been denied before he left the United States to visit Mexico. Notice of denial was properly sent to his last known address. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (holding that notice to address provided by the alien comports with due process). Once his application was denied, Mendoza–Cazares had no legal right to live or work in this country. *See Ortiz v. Meissner,* 179 F.3d 718 (9th Cir.1999). This result does not implicate any right to equal protection. Nor could Mendoza–Cazares's employment authorization card, which was valid until his application was finally determined, serve as a valid travel document to gain lawful entry once his application had been denied. Finally, the Attorney General has discretion whether to waive grounds of exclusion under 8 U.S.C. § 1160(c)(2)(B)(i) as part of his determination to deny a SAW application, and that decision is not subject to review in this case.

Given this disposition, we deny Mendoza–Cazares's motion to remand as moot.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.