**Jiang Ru LIANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71923.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2004.*

Decided April 1, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

R. Wayne McMillan, Esq., McMillan & Tkach, LLP, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Office of the District Counsel, Phoenix, AZ, Richard M. Evans, Esq., Margaret Perry, Esq., Nancy E. Friedman, Esq., Jennifer L. Lightbody, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, GRABER, Circuit Judges, and WEINER, District Judge.[**]

### MEMORANDUM[***]

Petitioner Jiang Ru Liang ("Liang") appeals the denial of her petition to reopen deportation proceedings by the Board of Immigration Appeals ("BIA"). Jiang asserts that the *in absentia* order of deportation issued against her must be reopened based on the failure of the Immigration and Naturalization Service ("INS") to properly notify her of her pending deportation proceeding, and the erroneous finding of deportability by the immigration judge ("IJ").

The panel has jurisdiction over the BIA's order affirming the decision of the IJ pursuant to section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a) (1995) (repealed), as modified by the transitional rules set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-

---

[**] The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

RA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996).

Since the facts are known to the interested parties, they are repeated here only as necessary. We deny the petition.

Liang argues that the INS failed to provide her with adequate notice of her pending deportation hearing because it sent notification to an address provided by her father-in-law, rather than one that she provided directly. Pursuant to 8 U.S.C. § 1252b(a)(2) (1994), the INS was required to provide "written notice ... in person to the alien (or, if personal service [was] not practicable, ... by certified mail to the alien or to the alien's counsel of record, if any)" of deportation proceedings.

■ The INS satisfies its obligations under § 1252b(a)(2) by sending notice by certified mail to the alien's last known address. *Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir.1997) (per curiam). In Liang's case, the INS sent notice of the date and time of the deportation proceeding to the address provided by Liangs father-in-law on her bond release form. The identical address was listed on the I–293 with which Liang was personally served, informing her that a hearing would be scheduled by the Immigration Court. Liang was thus made aware that the INS had been informed that her address was the one provided by her father-in-law on the bond form. Under the circumstances, the INS was justified in considering that address to be Liang's last known address.

Since the INS made a sufficient effort to notify Liang of her deportation proceedings by mailing a written notice to the "most recent address provided" for her by her father-in-law, § 1252b(c)(2), the BIA did not abuse its discretion in concluding that "the Notice of Hearing [was] deemed to have been properly delivered to [Liang]." *Cf. Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) ("[D]ue process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien.") (citation omitted).

Liang also asserts that the INS failed to provide her proper notice on the ground that they did not explain personally served notices in a language that she understood. INS regulations do dictate that "the contents of an order to show cause shall be explained," but impose no such requirement on subsequent notices of hearing. 8 C.F.R. § 242.1(c). Therefore, Liang's argument fails.

■ Moreover, contrary to Liang's assertion, the section of the INA she was charged with violating does, in fact, explicitly render a person in her position deportable. Specifically, § 241(a)(1)(B) provided that "[a]ny alien who ... is in the United States in violation of this chapter or any other law of the United States is deportable." 8 U.S.C. § 1251(a)(1)(B). Liang was in the United States in violation of a law of the United States, since she had remained in the country in excess of the 90–day period for which she was originally admitted. Thus, she was deportable under the express language of § 241(a)(1)(B).

■ Finally, Liang contends that her motion to reopen must be granted so that she may present evidence to the IJ that recent amendments to the IIRIRA render her eligible for asylum and withholding of removal. A motion to reopen deportation proceedings filed more than 180 days after the date of the order of deportation may be granted only "if the alien demonstrates that the alien did not receive notice" of the proceedings in accordance with § 1252b(a)(2), or if the alien shows that she was in federal or state custody and the failure to appear was not the fault of the alien. 8 U.S.C. § 1252b(c)(3)(B). As we indicated above, Liang does not satisfy the

requirements of § 1252b(c)(3)(B) since she was properly notified of her deportation proceedings by the INS. Therefore, she is not entitled to a reopening of her deportation proceeding.

PETITION DENIED.