**Amadou SOW, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4147.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Ronald S. Salomon, New York, NY, for Petitioner.

Anthony W. Norwood, U.S. Department of Justice, Immigration Litigation, Civil Divison, Earle B. Wilson, Terri J. Scadron, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before GUY and GILMAN, Circuit

Judges; and BARZILAY, Judge.*

### ORDER

Amadou Sow, a native of Mauritania currently residing in Ohio, petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his requests for asylum, withholding of deportation, and relief under the United Nations Convention Against Torture. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Sow was born in Mauritania in 1969. In 1989, along with tens of thousands of other black Mauritanians, Sow and his family were forcibly expelled to Senegal. Sow was beaten in the process, and has a scar from where he was kicked in the chest. He lived in Congo for two years before entering this country in 1991 without being inspected by immigration authorities. Deportation proceedings were commenced against him. Sow admitted his deportability, and applied for the relief noted above, as well as voluntary departure. A hearing was held before an immigration judge (IJ), at the conclusion of which all of the requests for relief were denied, except for voluntary departure, which was granted. An appeal was filed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision without opinion. In his brief before this court, Sow challenges only the denial of his asylum application, arguing that the IJ erred in concluding that conditions in Mauritania have changed to the extent that no well-founded fear of persecution now exists. Respondent argues that this issue was waived because Sow failed to present it before the BIA, and alternatively, that substantial evidence supports the IJ's decision.

Initially, we agree with respondent that Sow arguably waived the issue he presents here due to his failure to argue the same claim before the BIA. *Farhoud v. INS*, 122 F.3d 794, 796–97 (9th Cir.1997). Although Sow indicated that he would be briefing this issue in the notice of appeal he filed to the BIA, the brief he submitted did not address his case at all, but rather could best be described as a vague treatise on international law.

Moreover, even if the failure to present his argument to the BIA is overlooked, the decision below is nevertheless supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 480, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Where an alien establishes the existence of past persecution, as in this case, a presumption of a well-founded fear of future persecution is triggered. *Surita v. INS*, 95 F.3d 814, 821 (9th Cir.1996). However, that presumption can be rebutted if a preponderance of the evidence shows that conditions in the alien's home country have changed to such an extent that no well-founded fear of persecution currently exists. *Id.* In this case, the record establishes that most of the Mauritanians expelled during the 1989–1991 period have returned. Although tensions over land redistribution continue, the most recent State Department country report indicates that there have been no reports of arbitrary arrests of returning refugees. Based on this record, the conclusion that Sow has no well-founded fear of persecution was proper.

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

Accordingly, the petition for review is denied.