**Emmanuel ACHONU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71762.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Emmanuel Achonu, a native and citizen of Nigeria, petitions for review of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his motion to reopen in absentia removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for an abuse of discretion a denial of a motion to reopen, *De Martinez v. Ashcroft,* 363 F.3d 1022, 1024 (9th Cir. 2004), and de novo due process contentions, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We deny the petition for review.

Achonu moved to reopen to rescind the in absentia removal order on the ground that he failed to attend his removal hearing because he did not receive notice of the date of the hearing. The IJ did not abuse her discretion in denying Achonu's motion because notice of the hearing was sent to Achonu's counsel and to Achonu at their respective addresses of record. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir. 1997).

Achonu's contention that the BIA's decision "without opinion" violates due process, is foreclosed by *Falcon Carriche,* 350 F.3d at 850–51.

**PETITION FOR REVIEW DENIED.**