**Yusnani DUDGEON, Petitioner,**

v.

**John ASHCROFT, Attorney General Respondent.**

No. 03–72622.

Agency No. A79–195–388.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 9, 2004.

---

1. *Contreras–Aragon* applies to transitional rule cases such as this one. *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004).

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Yusnani Dudgeon, Everett, WA, pro se.

Kaaren L. Barr, Esq., Attorney at Law, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before ALARCON, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Yusnani Dudgeon petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Dudgeon contends that she suffered past persecution in Indonesia and that as a Muslim woman married to a Christian man she has a well-founded fear of future persecution if she were returned to that country.

Where, as here, the BIA streamlines its review of the immigration judge's (IJ's) decision, we review the IJ's decision directly as the agency's final action. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Dudgeon failed to establish sufficient individualized harm or risk of future harm to be eligible for asylum based on past persecution or a well-founded fear of future persecution.*** *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (recognizing that "[m]ere generalized lawlessness and violence" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum).

The record shows that Dudgeon suffered no harm in Indonesia. The incidents she described were manifestations of general civil unrest. No evidence was presented that anyone in Indonesia targeted Dudgeon for harm or mistreatment.

Because Dudgeon does not satisfy the standard to qualify for asylum, she necessarily failed to meet the more stringent evidentiary standard required for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). In addition, Dudgeon is not entitled to CAT relief because she did not demonstrate that it is more likely than not that she would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** To the extent Dudgeon relies on her marriage to a Christian man after the removal hearing to establish a fear of future persecution or likelihood of torture, we lack jurisdiction to consider this issue because Dudgeon failed to present it below. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) ("Failure to raise an issue below constitutes failure to exhaust administrative remedies and 'deprives this court of jurisdiction to hear the matter.'") (citation omitted).