Jaime **DIAZ–JUAREZ** and Maria Isela Diaz–Gonzalez, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71974.

Agency Nos. A 74–798–552, A 74–352–875.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.[*]

Decided Dec. 21, 2004.

Ron A. Kamran, Attorney at Law, Orange, CA, for Petitioners. Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Portland, OR, Terri J. Scadron, Esq., Genevieve Holm, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TROTT, KLEINFELD, Circuit Judges, and POLLAK,[**] District Judge.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

286

MEMORANDUM ***

In this petition for review, petitioners Jaime Diaz–Juarez and Maria Isela Diaz–Gonzalez attack the Board of Immigration Appeals' determination that they lacked good moral character—and were thus statutorily ineligible for suspension of deportation—because they had given false testimony for the purpose of receiving immigration benefits. *See* 8 U.S.C. § 1101(f)(6). None of petitioners' arguments are persuasive.

Petitioners argue that "concealment" may not support a finding of false testimony, and that petitioners had no subjective intent to lie for the purpose of obtaining benefits. However, substantial evidence supports the BIA's findings that petitioners' statements were affirmatively false, and that, under the circumstances, it was reasonable to infer that petitioners intended to deceive the immigration judge in order to obtain a favorable ruling on their application for suspension of deportation. Although petitioners make plausible claims that the BIA could have reached a contrary result on the evidence before it, they shall not prevail, because a reasonable fact-finder would not have been compelled to find in their favor. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Petitioners also claim that the BIA's treatment of the September 1994 police report violated their due process rights. Although the court may consider due process arguments despite petitioners' failure to raise them before the BIA, the reopened hearing was not fundamentally unfair. *See Baliza v. INS*, 709 F.2d 1231, 1233 (9th Cir.1983).

Petitioners' remaining claims were never presented to the BIA. Because petitioners failed to exhaust their administrative remedies as to these claims, the court may not consider them. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

PETITION DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.