**Maria De Los Angeles BARRALES VARGAS; et al., Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

Nos. 03–74005, A74–810–013, A74–810–014, A74–810–015, A74–810–016.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 22, 2005.

Maria De Los Angeles Barrales Vargas, Zephyr Cove, NV, pro se.

Sarahi Flores Barrales, Zephyr Cove, NV, pro se.

Ignacio Bernardo Flores Barrales, Zephyr Cove, NV, pro se.

Bonniangeliaca Flores Barrales, Zephyr Cove, NV, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John L. Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM\*\*\*

Lead petitioner Maria De Los Angeles Barrales Vargas and her children Sarahi

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

Flores Barrales, Ignacio Bernardo Flores Barrales and Bonny Angelica Flores Barrales, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an immigration judge's denial of her motion to reopen deportation proceedings. We have jurisdiction pursuant to former 8 U.S.C. § 1105a. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the agency's denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny the petition for review.

Evidence in the record establishes that the immigration court mailed notice of Barrales Vargas' deportation hearing to her last known address. This notice is sufficient regardless of whether Barrales Vargas had actual notice of the hearing date. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

The BIA's affirmance without opinion did not violate Barrales Vargas' due process rights. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851–52 (9th Cir.2003).

We have considered Barrales Vargas' remaining contentions and conclude that they lack merit.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

