**Hector FRANCO–ORTIZ, Petitioner—Appellant,**

v.

**Alberto GONZALES,\* Attorney General, Respondent—Appellee.**

**No. 04–16662.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 4, 2005.

Hector Franco–Ortiz, Florence, AZ, pro se.

Cynthia M. Parsons, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Respondent–Appellee.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

Hector Franco–Ortiz, a native and citizen of the Dominican Republic, appeals pro se the district court's order denying his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Franco–Ortiz contends that his due process rights were violated because he did not receive notice of the October 27, 1999 hearing at which he was ordered removed in absentia. However, the notice of hearing was sent to Franco–Ortiz's proper address and was thus reasonably calculated to ensure that it reached Franco–Ortiz. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997). This is all that due process requires. *See id.* Accordingly, the district court properly denied this claim.

We have reviewed Franco–Ortiz's Motion to Implement a Court Order, filed on March 8, 2005. This court granted Franco–Ortiz's unopposed motion for a stay of removal pending appeal on December 6, 2004. The government, in direct contravention of this order, removed Franco–Ortiz on January 13, 2005. However, in light of the disposition of this appeal, Franco–Ortiz's motion is denied as moot.

The government's motion to submit a physical exhibit is also denied as moot.

AFFIRMED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.