**Obdulia CARDOSO DE SALAZAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71765.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Karla Kraus, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Obdulia Cardoso de Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reset the briefing schedule after she failed to file a timely brief with the BIA. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review this discretionary decision for

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

abuse of discretion. *See* 8 C.F.R. § 1003.3(c)(1); *Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir.2000). We review due process claims de novo. *Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003). We deny the petition for review.

Cardoso contends that the BIA should have granted her motion to reset the briefing schedule because she claims she did not receive the BIA's original briefing schedule or a copy of the transcript from her hearing before the immigration judge. The BIA did not abuse its discretion by denying her motion, because the BIA sent the schedule and transcript to Cardoso's address of record. *Cf. Singh v. Ashcroft,* 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding due process violation where BIA sent briefing schedule to incorrect address). As the materials were "reasonably calculated" to reach Cardoso, her due process contention also fails. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**