**Armando Millan CARDENAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75459.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 17, 2006.

Gary Finn, Esq., Law Offices of Gary Finn, Indio, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brent I. Anderson, Esq., USKA—Office of the U.S. Attorney, Wichita, KS, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Armando Millan Cardenas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Urbina–Osejo v. INS,* 124 F.3d 1314, 1316 (9th Cir.1997), we deny the petition for review.

The BIA did not abuse its discretion in dismissing Millan Cardenas's appeal because the Order to Show Cause and Notice of Hearing were sent by certified mail to the address listed on his asylum application, and a signed receipt was obtained. Millan Cardenas's contentions that he never lived at that address and did not personally sign the receipt are unavailing. *See Dobrota v. INS,* 311 F.3d 1206, 1213 (9th Cir.2002) ("[A] valid address provided for notice purposes need not be that of the alien's own residence."); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) ("An alien does not have to actually receive notice of a deportation hearing in order for the requirements of due process to be satisfied.").

**PETITION FOR REVIEW DENIED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.