**Kamaljits SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71078.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Tsz–Hai Huang, Rebecca Rudzianis, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Jeffrey J. Bernstein, Esquire, Brendan Paul Hogan, Esquire, Genevieve Holm, U.S. Department of Justice, Washington,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Kamaljits Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The agency acted within its discretion in denying Singh's motion as untimely because it was filed more than nine years after his deportation order, *see* 8 U.S.C. § 1252b(c)(3)(1994), and Singh failed to establish that he exercised due diligence which would warrant equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error," as long as the petitioner acted with due diligence).

We conclude that Singh received adequate notice of his hearing and also that due process was satisfied because "[t]he method of service was reasonably calculated to ensure that notice reached [Singh]." *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) (notice sufficient where mailed to applicant's last address).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

