**Juan Jose Antonio LOPEZ–LOPEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71377.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ada Elsie Bosque, Trial, Ari Nazarov, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Juan Jose Antonio Lopez–Lopez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The record indicates that Lopez–Lopez received the Order to Show Cause informing him that he must provide the immigration court with written notice of his change of address, *see* 8 C.F.R. § 3.15(c) (1994), and that the hearing notice was sent by certified mail to the address he last provided. Accordingly, the IJ did not abuse her discretion in denying Lopez–Lopez's motion to reopen even though the hearing notice was returned to the immigration court. *See* 8 U.S.C. § 1252b(c)(1) (1995) (written notice is sufficient if sent to the most recent address provided by alien); *see also In re Grijalva*, 21 I. & N. Dec. 27, 32–34 (BIA 1995) (proof of actual service or receipt of the notice by the respondent is not required).

Due process was satisfied because "[t]he method of service was reasonably calculated to ensure that notice reached [Lopez–Lopez]." *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

