**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIUZHU ZHANG,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 09-72488

Agency No. A078-727-598

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

    Xiuzhu Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her motion to reopen removal proceedings

conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The BIA did not abuse its discretion in denying Zhang's motion to reopen to rescind her removal order because the hearing notice was sent by regular mail to the address last provided by Zhang and the evidence submitted by Zhang was not sufficient to overcome the presumption of effective service. *Cf. Sembring v. Gonzales*, 499 F.3d 981, 988-90 (9th Cir. 2007) (describing evidence sufficient to overcome presumption of effective service).

Due process was satisfied because "[t]he method of service was reasonably calculated to ensure that notice reached [Zhang]." *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997).

To the extent Zhang contends that she should have been permitted to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D), this contention is foreclosed by *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien subject to a final removal order may only reapply for asylum through a successful motion to reopen).

**PETITION FOR REVIEW DENIED.**