FILED

NOT FOR PUBLICATION

OCT 05 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

ALI MUSTAFA EL SAID,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-72011

Agency No. A097-854-107

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 3, 2015
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,[**] Chief
District Judge.

Ali Mustafa El Said, a native and citizen of Egypt, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying his application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**1.** The record does not compel the conclusion that El Said suffered past persecution. El Said was undoubtedly the target of threats and harassment, and a motorcyclist apparently attempted to run him down shortly after the conclusion of Detective Saleh's trial. We cannot say, however, that all reasonable finders of fact would determine that those incidents were so menacing or placed El Said in such fear for his life as to cause "significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)).

Nor does the record compel the conclusion that El Said's troubles in Egypt bore a nexus to a statutorily enumerated ground. *See* 8 U.S.C. § 1101(a)(42)(A). El Said helped litigate a civil suit against one abusive local official, Detective Saleh, but did not target the "systemic nature" of police brutality in Egypt in general. *Cf. Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir. 2004). On this record, we cannot say that all reasonable finders of fact would conclude that the Egyptian officers' apparent enmity toward El Said was at least partly on account of his actual or imputed political opinion. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001).

**2.** We lack jurisdiction over El Said's claim that he suffered discrimination on account of his membership in a "particular social group," namely attorneys in Egypt. This claim was not presented to or decided by the BIA; El Said thus cannot raise it here. *See* 8 U.S.C. § 1252(d)(1); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997).

**3.** Substantial evidence does not support the BIA's denial of El Said's CAT claim. The BIA held that El Said established "some" likelihood that he will be tortured if he is returned to Egypt, but it ultimately concluded that the likelihood was less than fifty percent. Yet the undisputed evidence showed that Detective Saleh, who threatened in open court to kill El Said, had previously tortured a prisoner in his custody by dousing him with kerosene and burning him alive. According to the immigration judge, Egypt has a "horrendous" "record for torture," which the Government concedes is "rife in ordinary police stations." In addition, an extraordinary warrant was issued for El Said's arrest, even though he has committed no crime, which renders it highly likely that he will be taken into police custody if he returns to Egypt. In light of this evidence, we conclude that the record compels the conclusion that El Said is more likely than not to be tortured if returned to Egypt. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED in part, DISMISSED in part, and GRANTED in part.  Costs on appeal awarded to Petitioner.**