Violeta Delgado, Esquire, Attorney, Law Offices of Violeta Delgado, Santa Ana, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robert Michael Stalzer, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Jose Ernesto De La Rosa Lozano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process in declining to grant De La Rosa Lozano a second continuance to obtain counsel, where he did not show good cause. De La Rosa Lozano had more than nine months to find representation but did not attempt to do so until the week before his hearing, and he received a full and fair hearing. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("A court will grant a petition on due process grounds only if the proceeding was so

fundamentally unfair that the alien was prevented from reasonably presenting his case." (citations and quotation marks omitted)); *Biwot v. Gonzales*, 403 F.3d 1094, 1099-1100 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

De La Rosa Lozano's renewed request for a stay of removal is denied as unnecessary because the court's April 22, 2015, order granted a temporary stay of removal.

**PETITION FOR REVIEW DENIED.**

**Ernesto ESTRADA-ESCAMILLA,
Petitioner,**

v.

**Jeff B. SESSIONS, United States Attorney General,
Respondent.**

**No. 14-70000**

United States Court of Appeals, Ninth Circuit.

Submitted February 17, 2017 *
Pasadena, California

Filed February 22, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zulu Ali, Law Office of Zulu Ali, Riverside, CA, for Petitioner

Dawn S. Conrad, Trial Attorney, OIL, Song Park, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TALLMAN and N.R. SMITH, Circuit Judges; and MURPHY, III,[**] District Judge

## MEMORANDUM [***]

Ernesto Estrada-Escamilla, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's decision denying his motion to reopen an in absentia removal order. We have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004). We review the BIA's factual findings underlying its decision for substantial evidence, and its legal conclusions de novo. *Id.* We deny the petition for review.

1. Estrada argues only that he never received notice of his deportation hearing; he has not argued that the government failed to inform him of his responsibility to notify the government of any change of address. *See Urbina-Osejo v. INS*, 124 F.3d 1314, 1317 (9th Cir. 1997) Notice of a deportation hearing sent by regular mail to the last address provided by the alien satisfies the requirements of constitutional due process. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997). Here, the government mailed the Notice of Hearing to the address Estrada provided, and Estrada did not inform the government he had moved. Estrada thus cannot show that the in absentia removal order violated his due process rights, and the BIA did not abuse its discretion in denying Estrada's motion to reopen.

2. Estrada also fails to show any change in country conditions in El Salvador that was sufficiently material to excuse his motion being filed 21 years late. *see Toufighi v. Mukasey,* 538 F.3d 988, 996 (9th Cir. 2008) (setting forth the requirements for prevailing on a motion to reopen due to changed country conditions); 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**

[***] This disposition is not appropriate for publi-

cation and is not precedent except as provided by 9th Cir. R. 36–3.