NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAVERN M. NEAL, AKA Lavern Marie Neil, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    20-70024 <br><br> Agency No. A031-111-660 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021[**]
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Lavern Neal petitions this court for review of her order of removal to Belize. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The government initiated removal proceedings against Neal in 2013, charging her with removability as an alien convicted of an aggravated felony. Following a merits hearing, in which Neal appeared pro se, the immigration judge (IJ) denied her relief from removal.

First, after correctly citing the relevant factors from *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), the IJ determined that Neal's conviction for assault with a deadly weapon was a particularly serious crime, rendering her ineligible for withholding of removal under both the Immigration and Nationality Act (INA) and Convention Against Torture (CAT) regulations. Second, the IJ found that Neal was ineligible for deferral of removal under the CAT regulations, despite Neal's credible fear of a particular gang member in Belize against whom she testified in the United States several decades before. Among other reasons, the IJ found that Neal could not prove "that her concerns regarding [that particular gang member], gang members in Belize, or other instances of gang violence [could] be attributed to the government in Belize or to sanctioned acts of torture," but rather, that "[t]he level of gang violence appear[ed] to be related to criminal enterprises, drug trafficking, and turf wars."

Neal appealed to the Board of Immigration Appeals (BIA), which dismissed the appeal in 2015. The BIA found that Neal waived any argument that her assault conviction was not for a particularly serious crime by failing to "cogently address [that] determination on appeal," and that the IJ "did not clearly err in finding that it was unlikely that [Neal] would be tortured or killed if she returned to Belize." The BIA also rejected Neal's argument that "she [was] not a citizen of Belize, because she left Belize and entered the United States before Belize declared its independence from the United Kingdom in 1981, while it was still known as British Honduras." "In doing so, [the BIA took] administrative notice of the Belize constitution and the Belizean Nationality Act of 1981," which "clearly indicate[d] that individuals born in British Honduras before independence became citizens of the new country of Belize as an operation of law."

Neal petitioned this court for review, and we granted the government's unopposed motion to remand the case to allow the BIA to take any actions necessary to comply with *Franco-Gonzalez v. Holder*, No. CV-10-02211, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). *See Neal v. Lynch*, No. 14-73590. The BIA, in turn, remanded the case to the IJ with instructions "to take the steps necessary to comply with Section III.B of the permanent injunction issued in *Franco-Gonzales v. Holder* . . . , including making a 'Competency Review' for the purpose of determining [Neal's] mental competency to represent herself." In 2018, the IJ "conclude[d] that

3

the record reflect[ed] that [Neal] was competent when she appeared before the [IJ]" in the initial proceedings. In 2019, the BIA dismissed Neal's appeal of the IJ's 2018 decision, finding that it was "clear from the transcript of [Neal's] removal proceedings that she had a rational and factual understanding of the nature and object of her removal proceeding, and understood and was able to exercise her rights within those proceedings—including the right to seek representation by counsel and the right to present evidence on her own behalf."

Now on appeal, Neal argues that she is entitled to withholding of removal because her 2010 conviction for assault with a deadly weapon was not for a particularly serious crime; that in the alternative, she is entitled to deferral of removal because it is more likely than not that she would be tortured by, or with the acquiescence of, the Belize government if returned there; that her removal case should be terminated because she is not a citizen of Belize; and that she should be able to present her case anew under *Franco-Gonzalez*. We address each argument in turn. In doing so, our "review is limited to the BIA's decision[s], except to the extent that the IJ's opinion[s are] expressly adopted." *Popova v. INS*, 273 F.3d 1251, 1257 (9th Cir. 2001) (quotation marks and citation omitted).

First, we agree with the BIA that when Neal first appeared before it, she failed to raise the argument that her assault conviction was not for a particularly serious crime. When a petitioner fails to exhaust her administrative remedies by raising

4

certain arguments before the proper administrative body, we will not review those arguments later on appeal. *See Farhoud v. INS*, 122 F.3d 794, 797 (9th Cir. 1997). Thus, we deny Neal's petition for review of this issue without reaching its merits.

Second, substantial evidence supports the BIA's determination that Neal is not more likely than not to face torture in Belize, and that Neal's fear of possible torture is not attributable to the government of Belize or to sanctioned acts of torture. "In the 20 years since [her son's sentencing, Neal] has not been harmed in the United States." As the BIA found, "[t]here was . . . no evidence that the Belizean authorities would acquiesce to the torture of [Neal] by . . . gang members." We are not compelled to disagree with the BIA that it is "unlikely that [Neal] would be tortured or killed if she returned to Belize." *See* 8 U.S.C. § 1252(b)(4)(B).

Third, Neal is a citizen of Belize, so it would be proper to remove her there. Under 8 U.S.C. § 1231(b)(2)(D), if an alien does not designate a country of removal, then "the Attorney General shall remove the alien to a country of which the alien is a subject, national, or citizen." The Belize Constitution provides that "[e]very person who, immediately before [Independence Day], is a citizen of the United Kingdom and Colonies . . . shall become a citizen of Belize on Independence Day." Constitution of Belize, pt. III, § 23(2); *see also* Belizean Nationality Act, ch. 161 (implementing the constitution's citizenship provisions). Thus, as a former citizen

of British Honduras, Neal is now a citizen of Belize, and it was proper for the BIA to order her removed there.[1]

Finally, substantial evidence supports the IJ's and BIA's determinations that Neal was competent to represent herself during her initial immigration proceedings. In conducting the mental competency review required by *Franco-Gonzalez*, the IJ concluded that Neal was competent to represent herself without a qualified representative in her initial proceedings before the IJ, and the BIA affirmed. Given the record evidence demonstrating Neal's understanding of the nature and purpose of her removal proceedings, as well as her understanding of and ability to exercise her rights within those proceedings, we are not compelled to reach an opposite conclusion.

**PETITION DENIED.**

---

[1] This is true even though Belize has yet to formally recognize Neal as its citizen. *See Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir. 2003).