Ivan RALEV, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73291.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ivan Ralev, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reissue its decision or to sua sponte reopen proceedings, to allow Ralev to apply for adjustment of status. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reissue its decision because the BIA mailed its decision to the last address of record for Ralev's counsel. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000). Ralev's failure to receive notice of the decision was due to his own and counsel's failure to notify the BIA of his counsel's withdrawal, and/or his counsel's failure to properly notify the BIA of counsel's change of address.

Ralev's due process claim fails because the notice was mailed to his counsel's last address of record. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997) (actual receipt of notice of deportation hearing not required to satisfy due process where notice mailed to applicant's last address).

We lack jurisdiction to review the BIA's refusal to sua sponte reopen Ralev's removal proceedings pursuant to 8 C.F.R. § 3.2(c)(2) (2001). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.