**Daljit SINGH, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 04–70033, A76–675–009.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

Daljit Singh, Sacramento, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Shelley R. Goad, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM***

Daljit Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

877

discretion, *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000), we deny the petition for review.

The BIA properly held that Singh's motion to reopen was untimely because Singh filed it more than five months after the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2) (generally requiring that a motion to reopen be filed within 90 days after a final decision is rendered). Moreover, as the BIA mailed its April 11, 2003 decision to the last address provided by Singh's counsel, Singh's claim that he did not have sufficient notice of the decision fails. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (finding notice sent by regular mail to last address provided by alien satisfies requirements of constitutional due process); *Urbina–Osejo v. INS,* 124 F.3d 1314, 1317 (9th Cir.1997) (holding that where notice was sent via constitutionally adequate method, petitioner must present "substantial and probative evidence" that there was improper delivery or that nondelivery was not due to the petitioner's failure to provide an address).

We do not reach Singh's claim of ineffective assistance of counsel because he failed to raise it before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**