**Huan Sheng LUO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,* Respondent.**

No. 04–71490.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 22, 2005.

Jon Wu, Wu Jon Law Corporation, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Papu Sandhu, Jennifer Keeney, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Huan Sheng Luo, a native and citizen of China, petitions for review of the Board of

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA did not abuse its discretion in denying Luo's motion to reopen as untimely because the record shows, and Luo does not dispute, that the motion was filed on January 20, 2004, more than 90 days after the February 7, 2000 final order of deportation, *see* 8 C.F.R. § 1003.2(c)(2), and Luo has failed to exhaust with the BIA his argument that the time for filing should be tolled due to ineffective assistance of counsel, *see Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004), or his argument that circumstances in China have changed, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (formerly 8 C.F.R. § 3.2(c)(3)(ii)). The BIA properly mailed its decision to Luo's last known address of record, *see Singh v. INS,* 315 F.3d 1186, 1189 (9th Cir.2003), and it was Luo's responsibility to update the immigration court of any change of address, *see Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

Luo's contention that the BIA was required to address his equitable tolling argument is unavailing as Luo did not adequately present the argument to the BIA. *See Barron,* 358 F.3d at 677–78.

**PETITION FOR REVIEW DENIED.**

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.