**Mohamed ABDULKADER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74033.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Judith L. Wood, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Portland, OR, OIL, James E. Grimes, Esq., Jennifer L. Lightbody, Esq., DOJ–U.S. Department Of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

**MEMORANDUM** **

Mohamed Abdulkader, a native and citizen of Yemen, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his motion to reopen proceedings in which he was ordered deported in absentia and subsequently deported. We review the denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in determining that Abdulkader's in absentia order of deportation was lawfully executed in 1997 because Abdulkader failed to provide evidence to support his contentions that notice of his hearing was sent to the incorrect address and that he submitted multiple changes-of-address to the government. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997). The BIA therefore correctly determined that the IJ did not have jurisdiction over Abdulkader's motion to reopen filed in 2002. *See* 8 C.F.R. § 3.23(b)(1) (2002) ("A motion to reopen or reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."); *Mendez v. INS,* 563 F.2d 956, 958–59 (9th Cir.1977) (statutes that divest jurisdiction upon "departure from the United States" can do so only upon legally executed departure).

We lack jurisdiction to consider Abdulkader's claims that he did not receive the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Order to Show Cause and that he was deprived of effective assistance of counsel in filing his 1997 motion to reopen because he failed to raise these issues before the agency. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

Abdulkader's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.