Santos ESCARENO–CARILLO,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–72729.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Jan. 12, 2006.

Judith L. Wood, Esq., Law Office of Judith Wood, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON and CLIFTON, Circuit Judges, and HICKS,** District Judge.

MEMORANDUM ***

Santos Escareno–Carillo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") July 8, 2003 denial of his motion to reopen *in absentia* removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and review the denial of a motion to reopen for abuse of discretion, *see Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002).

Petitioner asserts that service of the hearing notice on his then twelve-year-old daughter was improper, and offers an affidavit of his daughter as proof of the inadequacy of service. We find that the BIA did not abuse its discretion in denying Petitioner's motion to reopen because the record indicates that Petitioner did not explain why he waited over four years since his initial motion to reopen before presenting the affidavit. *See* 8 C.F.R. § 1003.2(c)(1) (2003) (stating that a motion to reopen proceedings shall not be granted unless evidence sought to be offered was not available at the former hearing); *see also Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir.2004) (noting that motion to reopen must be based on new evidence).

Petitioner also alleges that his due process rights were violated because service of his initial hearing notice was improper. However, notice of Petitioner's hearing was "reasonably calculated" to reach him because it was sent by certified mail to his most recent address, and his twelve-year-old daughter signed the return receipt. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997). As Petitioner is unable to overcome the presumption of effective service that arises from proof of an attempted delivery, *see Salta v. INS*, 314 F.3d 1076, 1078 (9th Cir.2002), we conclude that notice was reasonably calculated to reach Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry R. Hicks, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, we lack jurisdiction to review Petitioner's claim that the BIA should have exercised its *sua sponte* power, because "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion." *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (emphasis omitted).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.