**Lidia Estela ARCE–HIDALGO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76745.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2006.*

Decided July 3, 2006.

Lidia Estela Arce–Hidalgo, Ontario, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (holding that petitioner had failed to demonstrate exceptional circumstances to warrant rescission of an in absentia removal order where although petitioner did not personally receive the notice of hearing, it was mailed to petitioner's last known address and receipt was acknowledged); *United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, this petition for review is denied.

All other pending motions are denied as moot. The temporary stay of deportation shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.