**Rosalio RIVAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75593.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Ricardo Alberto Figueroa, Law Offices of Ricardo A. Figueroa, Rancho Cucamonga, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Leslie McKay, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Rosalio Rivas seeks review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying his application for cancellation of removal, and an order of the Legalization Appeals Unit ("LAU") dismissing his appeal as untimely. We have jurisdiction over the LAU's order pursuant to 8 U.S.C. § 1255a. We review de novo questions of law and due process claims in removal proceedings. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that Rivas failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), and Rivas does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The LAU properly dismissed Rivas's appeal as untimely because it was filed more than one year after the service of the Notice of Termination. *See* 8 C.F.R. § 245a.2(u)(2)(i) (appeals to the termination of temporary resident status must be filed within thirty days after the service of the Notice of Termination).

Rivas's contention that he did not receive the Notice of Termination is unavailing because due process simply requires service to be conducted in a manner that is "reasonably calculated" to ensure notice to the petitioner. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.