**Elsie Maribel BONILLA–MACHADO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73170.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Louis M. Piscopo, Law Offices of Nicastro & Piscopo, Anaheim, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Scott A. Chutka, Esq., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Elsie Maribel Bonilla–Machado, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") decision denying her motion to reopen deportation proceedings in which she was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252, and review the denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review and remand for further proceedings.

We disagree with the government that this case is controlled by *Farhoud v. INS*, 122 F.3d 794 (9th Cir.1997), as in *Farhoud* the "[p]etitioner's only claim ... was that he did not actually and personally receive the notice of hearing." *Id.* at 796. Bonilla–Machado's contention, by contrast, is that her notice was improperly delivered.

We conclude that the agency abused its discretion in denying the motion to reopen. The BIA's statement that Bonilla–Machado "fail[ed] to provide a complete address" is unsupported because the record nowhere indicates that the address she provided was incomplete. Moreover, the IJ's conclusory determination that the signature on the notice's return receipt was that of "a responsible adult at [Bonilla–Machado's] address" was an abuse of discretion in light of Bonilla–Machado's declaration that she does not know anyone by that name. *Cf. Chaidez v. Gonzales*, 486 F.3d 1079, 1085–87 (9th Cir.2007) (discussing "responsible persons" in the context of certified mail delivery and noting that an alien's declaration submitted with a motion to reopen must be accepted as true unless inherently unbelievable). By assuming without foundation that the signature on the notice was by a responsible adult at Bonilla–Machado's address, the agency failed properly to fulfill the requirement that it consider Bonilla–Machado's "evidence ... which supports the defense of ... improper delivery of the notice." *Arrieta v. INS*, 117 F.3d 429, 432 (9th Cir. 1997) (per curiam). Accordingly, we remand for reconsideration of Bonilla–Machado's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.