**Maria Alicia GONZALEZ–FRANCO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–71881.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 16, 2008.

Susan Rossiter, Portland, CA, for Petitioner.

Jem C. Sponzo, Carol Federighi, DOJ—U.S. Department of Justice, Washington, DC, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") order dismissing petitioner's appeal from the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Judge's ("IJ") denial of her motion to reopen deportation proceedings conducted *in absentia.*

We review the BIA's ruling on a motion to reopen for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

The BIA did not abuse its discretion in determining that petitioner had not established that her failure to appear at her September 6, 1995 deportation hearing was caused either by exceptional circumstances or that she lacked notice of the hearing where petitioner concedes the notice was properly served at her father's address, the only address she had provided the agency, and that she failed to notify the immigration court of her own address for nearly twelve years. *See Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (holding that petitioner had failed to demonstrate exceptional circumstances or lack of notice warranting rescission of an in absentia removal order where although petitioner did not personally receive the notice of hearing, it was mailed to petitioner's last known address and receipt was acknowledged).

Nor did the BIA abuse its discretion in determining that petitioner's motion to reopen was not timely filed. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(iii) (motion to reopen based on exceptional circumstances must be filed within 180 days of the deportation order). Petitioner was ordered deported in 1995. The record demonstrates she filed her motion to reopen on June 18, 2007, well beyond the 180–day deadline for filing such motions.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**