**IMG-150** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2923
_____

MOHAMED MOHAMED,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-759-395)
Immigration Judge: Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010

Before: SLOVITER, JORDAN AND GREENBERG, Circuit Judges

(Opinion filed: April 27, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner, Mohamed Mohamed, seeks review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's

decision denying his motion to reopen his immigration proceedings. We will deny the

petition for review.

I.

Mohamed, a citizen of Egypt, entered the United States as a non-immigrant worker

in September 1991, and stayed longer than permitted. On November 17, 1995, an

immigration officer went to Mohamed's home at 1855 J.F.K. Boulevard, Apartment 209,

in Jersey City, New Jersey, and served him with an Order to Show Cause. See INA §

241(a)(1)(C), 8 U.S.C. § 1251(a)(1)(C).[1] (AR 000092.) At that time, the officer read to

Mohammed the Order to Show Cause, which, among other things, directed him to report

any changes in his address or telephone number to the Immigration Court. (AR 000095.)

See INA § 239 (a)(1)(F), 8 U.S.C. § 1229(a)(1)(F). Mohamed acknowledged receipt of

the Order to Show Cause and signed it. (AR 000095.)

On July 10, 1996, the Immigration Court sent to Mohamed, via certified mail to his

Jersey City address, a Notice of Hearing informing him that his master calendar hearing

had been scheduled to take place on October 30, 1996. (AR 000086.) Delivery was not

successful, and the letter was eventually returned to the Immigration Court. (AR

000089.) As a result, when the master calendar hearing took place, Mohamed was not

present. The Immigration Court then re-scheduled the hearing for January 8, 1997, and

---

[1] In March 1993, Mohamed married a United States citizen and applied to adjust his status. According to Mohamed, this application has been pending since 1993 without adjudication.

2

sent another notice to Mohamed via certified mail. (AR 000076–85.) This time, delivery was apparently successful, as the court received a Receipt for Certified Mail from the Postal Service. (AR 000072–74.) Nonetheless, when the hearing took place, Mohamed again failed to appear. Finding that Mohamed had been given "a reasonable opportunity to be present but did not appear," the IJ conducted the hearing in absentia pursuant to INA § 242B, 8 U.S.C. § 1252b, and entered an order deporting him to Egypt. (AR 000070.)

Nearly ten years later, on November 26, 2007, Mohamed filed a motion to reopen the deportation proceedings. In his motion, Mohamed claimed that he had never received notice of the master calendar hearings because he had moved from his Jersey City address. The IJ denied the motion, and, upon review, the BIA affirmed the IJ's decision. Mohamed now seeks review of the BIA's order.

## II.

We have jurisdiction over this appeal pursuant to INA § 242(a), 8 U.S.C. § 1252(a). We review the agency's denial of a motion to reopen for abuse of discretion. Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988). Under this deferential standard of review, we will not disturb the agency's decision unless it is arbitrary, irrational, or contrary to the law. Santana Gonzalez v. Att'y Gen., 506 F.3d 274, 276 (3d Cir. 2007).

Under the pre-1996 version of the Immigration and Nationality Act ("INA")

governing Mohamed's case, an alien's initial notice of deportation proceedings was provided in an Order to Show Cause, which had to be delivered in person or by certified mail. See INA § 242B(a)(1), 8 U.S.C. § 1252b(a)(1), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 308(b)(6), Pub.L. 104-208, 110 Stat. 3009 (Sept. 30, 1996). In addition to informing the alien of the nature of the charges against him, the Order to Show Cause directed him to provide the government with an address to which further notices could be sent. The Immigration and Naturalization Service (the "INS") then sent the alien, via certified mail, a Notice of Hearing informing him of the time and place at which proceedings would be held. See INA § 242B(a)(2), 8 U.S.C. § 1252b(a)(2) (repealed 1996).

When an alien failed to appear at a hearing, the IJ was permitted to enter an order of deportation in absentia if the government showed "by clear, unequivocal, and convincing evidence" that the alien had been provided with notice of the hearing in accordance with INA § 242B(a)(2), 8 U.S.C. § 1252b(a)(2). Matter of Grijalva, 21 I. & N. Dec. 27, 33 (BIA 1995) (citing 8 U.S.C. § 1252b(c)(1)). Written notice of the deportation proceeding provided at the most recent address of record was considered sufficient for the purpose of establishing that notice was provided under INA § 242B(a)(2), 8 U.S.C. § 1252b(a)(2); proof of actual receipt of the Notice of Hearing was not required. Id. Thus, an alien like Mohamed who sought to rescind an in absentia deportation order more than 180 days after it was entered was required to demonstrate

4

either that: (1) he did not receive the Notice of Hearing in accordance with § 1252b(a)(2); or (2) he "was in Federal or State custody and did not appear through no fault of [his own]." 8 U.S.C. § 1252b(c)(3)(B).

In this case, the record reflects that the Immigration Court sent, via certified mail, two Notice of Hearing letters to Mohamed's record address informing him of the scheduled master calendar hearings. Mohamed now argues that he did not know about the hearings; although he does not dispute that the notices were sent in accordance with § 1252b(a)(2), he claims that the IJ should have reopened his case as a matter of discretion because—due to his unreported change of address—he did not receive actual notice of either hearing.[2] As noted above, however, the IJ did not have the authority to rescind the deportation order unless Mohamed could demonstrate that he "did not receive notice in accordance with subsection (a)(2)" or that he "was in Federal or State custody and did not appear through no fault of [his own]." 8 U.S.C. § 1252b(c)(3)(B). Because Mohamed failed to make either of these showings, the IJ acted within his discretion in denying the motion to reopen, and the BIA properly dismissed Mohamed's administrative appeal. Furthermore, to the extent that Mohamed argues that the IJ violated his due process rights by conducting the deportation hearing without providing him with actual notice of the

---

[2]In support of his appeal, Mohamed mistakenly relies on various provisions of the IIRIRA. That statute does not govern the disputed proceedings. See Luntungan v. Att'y Gen., 449 F.3d 551, 556 n.10 (3d Cir. 2006) (noting that 8 U.S.C. § 1252b was repealed by the IIRIRA, whose rules do not apply to aliens who were in deportation or exclusion proceedings as of April 1, 1997).

5

hearing or an opportunity to be heard, we disagree; due process was satisfied because "[t]he method of service was reasonably calculated to ensure that notice reached [him]." See Farhoud v. INS, 122 F.3d 794, 796 (9th Cir. 1997).

## III.

Accordingly, we will deny the petition for review.