**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCISCO JAVIER GARCIA GOMEZ; GRACIELA ARELLANO RAMIREZ, | No. 10-72579 |
| Petitioners, | Agency Nos.    A095-449-055<br>A095-449-056 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Francisco Javier Garcia Gomez and Graciela Arellano Ramirez, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 889 (9th Cir. 2002), and review de novo whether the agency applied a correct standard of law, *Kawashima v. Holder*, 615 F.3d 1043, 1057 n.8 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying petitioners' motion to reopen on the ground that a miscommunication between them and their prior attorney did not constitute an exceptional circumstance that would excuse their failure to appear at their removal hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining "exceptional circumstances" as circumstances "beyond the control of the alien"); *see also Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997) (finding that a petitioner's failure to "actually and personally receive the notice of hearing" did not constitute an exceptional circumstance that would excuse his failure to attend the hearing, where receipt of the notice "was acknowledged by someone at [his] address").

The agency applied the correct legal standard to petitioners' motion to reopen. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that agency "applied the correct legal standard" in a case where it

"expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

To the extent that petitioners allege inadequate notice of their hearing as a separate basis for reopening, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**