**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL PAZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No. 13-72235<br><br>Agency No. A073-959-686<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:　　TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

　　　Rafael Paz, a native and citizen of Honduras, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Paz's motion to reopen and rescind his in absentia order, where Paz acknowledges that the notice was delivered by certified mail to his address of record and that his brother signed for it. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997) (notice was sufficient where it was sent by certified mail to petitioner's address of record). It follows that Paz failed to establish a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

The agency did not abuse its discretion in denying as untimely Paz's motion to reopen to apply for adjustment of status, where it was filed 16 years after entry of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final order of removal).

We lack jurisdiction to review the agency's decision not to reopen proceedings sua sponte. *See Go v. Holder*, 744 F.3d 604, 609-10 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-72235