**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ALBERTO ALONSO-
CASTENADA, AKA Oscar Castaneda,
AKA Oscar Alonso Castenada, AKA
Oscar Alonzo Casteneda,

        Petitioner,

  v.

MATTHEW G. WHITAKER, Acting
Attorney General,

        Respondent.

No.   15-73580

Agency No. A200-626-073

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2018[**]
Portland, Oregon

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  FISHER and CALLAHAN, Circuit Judges, and BENCIVENGO,*** District Judge.

Petitioner, Oscar Alberto Alonso-Castenada ("Alonso-Castenada"), seeks review of an order of the Board of Immigration Appeals ("Board") denying his application for asylum and withholding of removal.  Alonso-Castenada argues that (1) extraordinary circumstances justify his untimely asylum application; (2) the Board erred in determining that he failed to establish membership in a particular social group; and (3)the Board erred in determining that he does not have a well-founded fear of persecution.  We have jurisdiction  pursuant to 8 U.S.C. § 1252 and we deny the petition.

**1.**  To be eligible for asylum, an alien must prove "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An untimely application may be considered if the alien demonstrates "extraordinary circumstances relating to the delay in filing an application."  *Id.* § 1158(a)(2)(D).  Alonso-Castenada argues that his "lack of continued access to legal counsel" constituted an extraordinary circumstance justifying the delay in his filing of an application for asylum.  However, the alleged interference with Alonso-

***    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Castenada's representation occurred *after* he filed his application for relief, so it was not "related to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). Further, Alonso-Castenada's alleged fear of removal does not excuse his delay. The Board properly pretermitted Alonso-Castenada's asylum application.

**2.** To establish eligibility for withholding of removal, an applicant must demonstrate a clear probability of persecution in the country designated for removal based upon race, religion, nationality, political opinion, or membership in a particular social group. *See INS v. Stevic*, 467 U.S. 407, 429–30 (1984). To establish membership in a particular social group, Alonso-Castenada must demonstrate: (1) "the existence of a cognizable particular social group," (2) "his membership in that particular social group," and (3) "a risk of persecution on account of his membership in the specified particular social group." *Ayala v. Holder*, 640 F.3d 1095, 1097–98 (9th Cir. 2011). To satisfy the particularity requirement, a group must be "recognized, in the society in question, as a discrete class of persons," *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013), and must not be "amorphous, overbroad, diffuse, or subjective," *Matter of W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014); *see Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016). For a group to have social distinction there must exist sufficient evidence that it is "perceived as a group by society," regardless of whether the

3

society can identify the members of the group by sight. *Henriquez-Rivas*, 707 F.3d at 1085 (citing *Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (BIA 2008)).

Alonso-Castenada has failed to shoulder his burden of showing membership in a cognizable social group. First, as he did not clearly articulate a particular social group before the agency, he may have waived the issue. *See Fahoud v. I.N.S.*, 122 F.3d 794, 796 (9th Cir. 1997) (noting that failure to raise an issue below constitutes failure to exhaust administrative remedies and may deprive the court of jurisdiction to hear the matter). Second, to the extent that Alonso-Castenada claims that he is a member of a particular group of individuals who testified against smugglers, or of a group of individuals who are likely to be coerced into joining a drug cartel, he failed to develop a record to support such claims. He has not presented any evidence of recognition of the proposed groups or of how they might be defined. *See Reyes*, 842 F.3d at 1139; see also *Matter of W–G–R–*, 26 I. & N. Dec. at 221 ("The boundaries of a group are not sufficiently definable unless the members of society generally agree on who is included in the group, and evidence that the social group proposed by the respondent is recognized within the society is lacking in this case.").

**3.** Alonso-Castenada challenges the Board's conclusion that he did not demonstrate clear probability of future persecution. He raises this argument solely

4

with respect to his asylum claim. Because we hold that his asylum claim is untimely, we do not reach this issue.

The petition for review is DENIED.